UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re Application of

WEBUILD S.P.A. AND SACYR S.A.,

                        Applicants.

------------------------------------------------------------x

22-mc-140 (LAK)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-19-22
```

## MEMORANDUM OPINION

Appearances:

        David Grant Hille
        Carolyn B. Lamm
        Hansel T. Pham
        Matthew Drossos
        WHITE & CASE LLP
        *Attorneys for Petitioner*

        Rachel Bevans Soloman
        Raymond L. DeLuca
        COZEN O'CONNOR P.C.
        *Attorneys for Respondent*

        Samuel N. Lonergan
        Melida Narcisa Hodgson
        Mitchell Russell Stern
        Sally Pei
        Eli Whitney Debevoise II
        ARNOLD & PORTER KAYE SCHOLER LLP
        *Attorneys for Intervenor*

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the motions of WSP USA Inc. ("Respondent")

2

(Dkt 22) and the Republic of Panama ("Intervenor" and, together with Respondent, the "Movants") (Dkt 13) to vacate the Court's order granting Webuild S.p.A.'s ("Webuild") *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "May 19, 2022 Order") and quash the subpoena served on Respondent.[1] The Court assumes familiarity with the pleadings and the undisputed facts therein. The key question is whether the *ad hoc* arbitration panel at issue here – an International Center for the Settlement of Investment Disputes panel ("ICSID Panel" or the "Webuild Tribunal") – is a "foreign or international tribunal" within the meaning of 28 U.S.C. § 1782. It is not. Accordingly, Webuild fails to satisfy the statutory requirements of Section 1782, and the motions to vacate the May 19, 2022 Order and quash the subpoena served on Respondent are granted.

Section 1782 authorizes federal district courts to order discovery "for use in a proceeding in a foreign or international tribunal."[2] In *ZF Automotive US, Inc. v. Luxshare, Ltd*, the Supreme Court held that this language authorizes assistance to "governmental or intergovernmental adjudicative bodies" only and that the private arbitral panels there at issue did not qualify under the statute.[3] As relevant here, the Court held that an *ad hoc* investor-state arbitration panel, convened pursuant to a bilateral investment treaty ("BIT") between Lithuania and Russia and in accordance with the United Nations Commission on International Trade Law rules ("UNCITRAL Rules"), was not "exercising governmental authority" and therefore was outside the ambit of Section 1782.[4] The

---

[1] On July 1, 2022, Sacyr S.A. gave notice of its voluntary dismissal of the instant action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A). Dkt 28, at 1.

[2] 28 U.S.C. § 1782.

[3] 142 S. Ct. 2078, 2083 (2022).

[4] *Id.* at 2088–89.

3

central inquiry was whether the treaty parties, in that case Russia and Lithuania, had indicated an intent "to imbue the body in question with governmental authority."[5] Although the Court did not provide a test for lower courts to apply in making this determination, it did set forth several factors that it considered in determining that such an intent did not exist with respect to the UNCITRAL arbitration panel. Here, the ICSID Panel, which was convened pursuant to a BIT between Panama and Italy, is materially indistinguishable with respect to these factors. Accordingly, the ICSID Panel here at issue is not a "foreign or international tribunal" within the meaning of Section 1782.

*First*, as in *ZF Automotive*, the ICSID panel is "not a pre-existing body, but one formed for the purpose of adjudicating investor-state disputes."[6] ICSID does not have standing or pre-existing arbitration panels. Rather it "convenes arbitral tribunals in response to requests made by either a member state or a national of a member state."[7] Here, the ICSID Panel was formed upon Webuild's request for arbitration.[8]

*Second*, like the Lithuania-Russia BIT in *ZF Automotive*, the Panama-Italy BIT did not "itself create the [ICSID Panel]."[9] Instead, the Panama-Italy BIT "simply references the set of

---

[5] *Id.* at 2091.

[6] *Id.* at 2090.

[7] *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 101 (2d Cir. 2017) (citing ICSID Convention arts. 36–37).

[8] *See* Dkt 42, at 12.

[9] *ZF Auto.*, 142 S. Ct. at 2090.

rules that govern the panel's formation and procedure if an investor chooses that forum."[10] In this case, those rules are the ICSID arbitration rules (the "ICSID Rules") and the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention").

*Third*, like the UNCITRAL Panel in *ZF Automotive*, the Webuild Tribunal "'functions independently' of and is not affiliated with either" of the relevant BIT nations.[11] The Webuild Tribunal consists of "individuals chosen by the parties and lacking any 'official affiliation with [Italy], [Panama], or any other governmental or intergovernmental entity.'"[12] Indeed, none of the arbitrators on the Webuild Tribunal is a national of Panama or Italy.

*Fourth*, like the UNCITRAL Panel in *ZF Automotive*, the Webuild Tribunal does not receive any "government funding."[13] Rather, the Webuild Tribunal is funded jointly by the parties to the dispute – *i.e.*, Webuild and Panama – in accordance with the ICSID Rules.[14]

*Fifth*, like the UNCITRAL Panel in *ZF Automotive*, the Webuild Tribunal

---

[10] *Id.*

[11] *Id.* at 2090 (quoting *Fund for Prot. of Inv. Rts. in Foreign States Pursuant to 28 U.S.C. § 1782 for Ord. Granting Leave to Obtain Discovery for use in Foreign Proceeding v. AlixPartners, LLP*, 5 F.4th 216, 226 (2d Cir.), *cert. granted sub nom. AlixPartners, LLP v. The Fund for Prot. of Investors' Rts. in Foreign States*, 142 S. Ct. 638 (2021), and *rev'd sub nom. ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078 (2022) (hereinafter "*AlixPartners*")).

[12] *Id.*

[13] *Id.*

[14] *See* Dkt 42, at 15 (quoting ICSID Procedural Order No. 1, art. 9.1 ("The parties shall cover the direct costs of the proceeding in equal parts.")).

5

"maintain[s] confidentiality," and the "award may be made public only with the consent of both parties."[15] Hearings are closed to the public absent agreement of the parties, and ICSID will not publish the arbitration award without the parties' consent.[16] Webuild argues that the ICSID Panel is distinguishable from the UNCITRAL Panel because the ICSID Rules require that "excerpts" of awards be published even without the parties' consent.[17] But even these excerpts are subject to objections by the parties and can be "protected from public disclosure . . . by agreement of the parties."[18] Hence, the confidentiality of the ICSID Panel is more akin to private commercial arbitration than adjudication by a governmental body.

*Finally*, like the UNCITRAL Panel in *ZF Automotive*, the Webuild Tribunal "derives its authority from the parties' consent to arbitrate."[19] The parties to the Panama-Italy BIT "each agreed in the treaty to submit to *ad hoc* arbitration if the investor chose it. [Webuild] took [Panama] up on that offer by initiating such an arbitration, thereby triggering the formation of an *ad hoc* panel with the authority to resolve the parties' dispute. That authority exists because [Panama] and [Webuild] consented to the arbitration, not because [Italy] and [Panama] clothed the panel with governmental authority."[20] Indeed, the ICSID Panel was only one of several options available to

---

[15] *ZF Auto.*, 142 S. Ct. at 2090 (quoting *AlixPartners*, 5 F.4th at 226).

[16] Dkt 42, at 16.

[17] Dkt 56, at 6.

[18] *See* ICSID Rules (2022), Rules 62–63, 66.

[19] *ZF Auto.*, 142 S. Ct. at 2090.

[20] *Id.*

Webuild under the Panama-Italy BIT, which also permitted dispute resolution via a court of competent jurisdiction in Panama or an *ad hoc* arbitration pursuant to the UNCITRAL Rules.[21] As the Supreme Court reasoned in *ZF Automotive*, "[t]he inclusion of courts on the list reflects [Panama] and [Italy's] intent to give investors the choice of bringing their disputes before a pre-existing governmental body."[22]

The foregoing indicates that Italy and Panama did not intend to imbue the ICSID Panel with governmental authority, and therefore the Webuild Tribunal does not constitute a "foreign or international tribunal" within the meaning of Section 1782. I have considered all of Webuild's arguments to the contrary and find they are without merit. Because Webuild fails to satisfy this statutory requirement of Section 1782, I need not consider Movants' arguments regarding the other statutory and discretionary factors. For the foregoing reasons, Movants' motions to vacate the May 19, 2022 Order and quash the subpoena served on Respondent (Dkt 13; Dkt 22) are granted. The Clerk shall close the case.

SO ORDERED.

Dated: December 19, 2022

_____
Lewis A. Kaplan
United States District Judge

---

[21] Dkt 42, at 16.

[22] *ZF Auto.*, 142 S. Ct. at 2090.